## FRITCH v. BRIAN AND POWERS ET AL.

——

(October 15, 1928. Opinion and Decree.)

——

H. W. Kaiser and F. A. Wulf, Jr., of New Orleans, attorneys for plaintiff, appellant.

Hubert M. Ansley, of New Orleans, attorney for defendant, appellee.

JANVIER, J., ad hoc. Plaintiff sued defendant partnership and the members thereof for $270.00, interest and attorneys' fees, being the balance on a note originally for $300.00. No citation was made on defendant, Brian, so no judgment can be rendered against him.

The note was made by Brian and Powers to the order of the New Orleans Loan & Investment Company and had been purchased by plaintiff after maturity at a sale in receivership of the assets of the said investment company.

The note bore the following indorsement:

"Secured by commission due the maker by the New Orleans Motor Truck Manufacturing Company"

Defendants contend that by reason of this indorsement, and by reason of an alleged agreement between the investment company and the New Orleans Motor Truck Manufacturing Company, the note was to be paid "only" out of the said commissions and that as no such commissions were ever paid, the note never became due.

In the first place the evidence does not show that there was any agreement that the note was to be paid only out of commissions. On the contrary, it appears that Mr. Powers held a conference with officials of the loan company for the purpose of convincing that company that the loan to be made was a safe one and that the commissions earned or to be earned were amply sufficient to secure repayment of the note.

We do not feel that under the circumstances disclosed here, secret equities and private agreements should be allowed to defeat recovery on an unequivocal promise to pay money, particularly as the evidence regarding the alleged agreement that the note was to be paid only out of commissions should have been excluded, as it tended to contradict or at least to vary the terms of the written document itself.

The evidence discloses that the firm of Brian & Powers was a commercial partnership and hence each partner is liable for the entire debts of the concern.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and avoided, and that there be judgment in favor of plaintiff and against Brian & Powers and Harry J. Powers, in solido, in the sum of $270.00, with 8 per cent interest thereon from December 7, 1921, until paid, and with 10 per cent attorney's fees on the whole amount and for all costs.